FILED
7/6/16
Date                                    Time
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MIDDLE DI...
ORLANDO, FL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GARY HICKS,

    Plaintiff,

v.

VORTEX MARINE
CONSTRUCTION, INC.

    Defendant.

_____/

CASE NO.: 6:16-CV-1226-ORL-18-TBS

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GARY HICKS ("Plaintiff"), by and through the undersigned attorney, hereby

sues Defendant, VORTEX MARINE CONSTRUCTION, INC. ("Defendant"), and alleges as

follows:

## NATURE OF THE ACTION

This action is brought, pursuant to The Fair Labor Standards Act of 1938, as amended, 29

U.S.C. §201, et seq. ("the FLSA"), for Defendant's failure to compensate Plaintiff at a rate not

less than one and one-half times his regular hourly rate for his employment in excess of 40 hours

during a workweek, in violation of 29 U.S. Code §207(a)(1).

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, GARY HICKS, at all times relevant hereto, was a resident of Brevard

   County, Florida.

2. Plaintiff was an hourly, non-exempt employee of Defendant, as the term "employee"

   is defined by 29 U.S.C. § 203(e).

3. Defendant, VORTEX MARINE CONTRUCTION, INC., is a California for-profit corporation that, at all times relevant hereto, was registered in the state of Florida and conducted business in Brevard County Florida.

4. At all times relevant hereto, Defendant was and is an "enterprise" engaged in commerce as defined by 29 U.S.C. § 203 because its annual gross volume of sales made or business done is not less than $500,000.

5. At all times relevant hereto, Defendant had employees, including Plaintiff handle and work on materials that have been moved in or produced for commerce, including floating construction vessels and materials and heavy lift.

6. Defendant was Plaintiff's employer, as the term "employer" is defined by 29 U.S.C. § 203(d).

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(ii) because Defendant transacts business in this District and because Plaintiff was employed within this district, with all actions complained of also occurring within Brevard County.

## BACKGROUND FACTS

8. Plaintiff worked for Defendant from around December 4, 2015 through May 14, 2016.

9. At all times relevant hereto, Plaintiff regularly worked in excess of forty (40) hours per week.

10. During his employment, Plaintiff was compensated at an hourly rate of Thirty Dollars ($30.00) per hour, plus Two Hundred and Fifty Dollars ($250.00) per diem, weekly.

11. During Plaintiff's employment, Defendant only compensated Plaintiff for his hours worked per week in excess of 40 hours, at a rate of Forty Five Dollars ($45.00) per hour, and not based on his regular rate of pay, as defined by the FLSA.

12. Pursuant to 29 U.S. Code §207(a)(1), Defendant was required to compensate Plaintiff at a rate of one and one-half his regular pay, which includes his total pay for the workweek, for each hour he worked per week in excess of 40 hours.

## COUNT I

### Violation of 29 U.S. Code §207(a)(1)

13. Plaintiff hereby reincorporates and re-alleges paragraphs 1-13, as if fully set forth herein.

14. Plaintiff regularly worked an excess of 40 hours each workweek, throughout his employment with Defendant.

15. Defendant's failure to compensate Plaintiff at a rate of one and one-half of his regular rate of pay for each hour he worked in excess of 40 hours within each workweek violated the FLSA's overtime provision.

16. Defendant willfully and intentionally refused to pay Plaintiff at a rate of one and half times his regular rate of pay for all hours Plaintiff worked in excess of 40 hours in a workweek.

17. Defendants either knew or recklessly failed to investigate whether its failure to compensate Plaintiff at the correct overtime rate violated U.S. Federal Wage Laws.

18. Plaintiff is entitled to a back pay award of the difference between his correct overtime rate and the overtime rate Defendant paid to him, plus an equal amount in liquidated damages, plus attorney's fees and costs incurred in pursuing this action.

WHEREFORE, Plaintiff, GARY HICKS, demands the entry of judgment in his favor and against Defendant, VORTEX MARINE CONSTRUCTION, INC. after trial by jury and as follows:

a. That Plaintiff recovers compensatory damages;

b. That Plaintiff recovers an equal amount of his compensatory damages in liquidated damages;

c. That Plaintiff recovers an award of reasonable attorney's fees, costs; and

d. That Plaintiff recovers such further relief as the Court deems proper.

## DEMAND FOR JURY TRAL

Plaintiff hereby demands a trial by jury for all issues so traible.

Dated this 30th day of June, 2016.

ARCADIER & ASSOCIATES, P.A.

/s/ Sade S. Oyinloye, Esquire
Maurice Arcadier, Esquire
Florida Bar No. 0131180
Joseph C. Wood
Florida Bar No.: 0093839
Sade Oyinloye, Esquire
Florida Bar No. 117878
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@wamalaw.com
Secondary Email: Sade@wamalaw.com
Phone: (321) 953-5998
Fax: (321) 953-6075