UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

GARY HICKS,                                                           CASE NO.: 6:16-cv-1226-Orl-41-TBS

  Plaintiff,

v.

VORTEX MARINE
CONSTRUCTION, INC.,

  Defendant.
_____/

## REVISED[1] JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND MEMORANDUM IN SUPPORT

Plaintiff, GARY HICKS, and Defendant, VORTEX MARINE CONSTRUCTION, INC., hereby notify the Court that the above-captioned case has been settled contingent upon approval of said settlement by the Court.  Plaintiff and Defendant request this Court (i) approve the parties' settlement of Plaintiff's claims and enter an order approving said settlement in accordance with 29 U.S.C. § 201, *et seq.*, and (ii) dismiss the instant action with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.  In support of their request, Plaintiff and Defendant respectfully show the Court the following:

### PERTINENT BACKGROUND

1. On June 30, 2016, Plaintiff filed his Complaint and Jury Demand, asserting a claim for unpaid wages, liquidated damages, attorneys' fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA").

2. On August 24, 2016, Defendant filed its Answer and Affirmative Defenses.

---

[1] The parties have amended the settlement agreement attached hereto as an exhibit in light of the report and recommendations of the magistrate judge dated May 4, 2017 (DE 31).

Defendant denied any and all liability with regards to any alleged unpaid overtime to Plaintiff in this action.

3. The parties have reached an amicable settlement of Plaintiff's claims, including his claims for attorney's fees and costs, under which Defendant agreed to pay Plaintiff a total of $10,000 as follows:

a. $1,400 as unpaid wages;

b. $1,400 as liquidated damages;

c. $7,000 as attorneys' fees and costs; and

d. $200 for Plaintiff's general release.

## MEMORANDUM OF LAW

In the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350, 1353 (11th Cir. 1982). Accordingly, an employee may properly settle and release FLSA claims against an employer without the supervision of the Secretary of Labor if (1) the settlement between the employer and the employee occurs in an adversarial context, (2) there are issues of FLSA coverage and/or computation that are actually in dispute, and (3) the district court enters a stipulated judgment approving the settlement after scrutinizing the fairness of the settlement. *Id.*, 679 F. 2d at 1354.

Plaintiff and Defendant submit that the instant case involves a situation in which this Court may allow Plaintiff to settle and release his FLSA claims against Defendants, as the proposed settlement arises out of an adversarial context in which all parties have at all times been

represented by counsel.

Plaintiff and Defendant stipulate that they had a bona fide dispute, as reflected by the Complaint as well as Defendant's Answer and Defenses and have agreed to settle same.

Plaintiff and Defendant are satisfied with the settlement. Plaintiff and Defendant were counseled by their respective attorneys and preferred to amicably conclude the current litigation while taking into account the cost and time associated with the ongoing defense of this case. Additionally, the parties have also taken into account the uncertainty and risks inherent to any litigation.

Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009), the parties and their counsel represent that the settlement of Plaintiff's claim for attorney's fees and costs was addressed independently of the settlement of Plaintiff's FLSA claim, and without regard to the amount paid to Plaintiff in settlement of the FLSA overtime claim.

**WHEREFORE**, Plaintiff and Defendant attest to the fairness and reasonableness of their amicable settlement, and respectfully request that the Court grants this Joint Motion for Approval of Settlement and Dismissal with Prejudice.

Dated: June 2, 2017

| | |
|---|---|
| */s/ Maurice Arcadier* | */s/Ellen M. Leibovitch* |
| Maurice Arcadier, Esq. | Ellen M. Leibovitch, Esq. |
| Florida Bar No. 131180 | Florida Bar No. 656933 |
| **ARCADIER & ASSOCIATES, P.A.** | **ASSOULINE & BERLOWE, P.A.** |
| 2815 W. New Haven Ave. | 1801 N. Military Trail |
| Suite 304 | Suite 160 |
| Melbourne, Florida 32904 | Boca Raton, Florida 33431 |
| Telephone No.: (321) 953-5998 | Telephone: (561) 361-6566 |
| Facsimile No.: (321) 953-6075 | Facsimile: (561) 361-6466 |
| Email: arcadier@melbournelegalteam.com | Email: eml@assoulineberlowe.com |

*Attorney for Plaintiff , Gary Hicks*       *Attorney for Defendant, Vortex Marine Construction, Inc.*