UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY HICKS,

    Plaintiff,

v.                                                    Case No: 6:16-cv-1226-Orl-41TBS

VORTEX MARINE CONSTRUCTION,
INC.,

    Defendant.

## AMENDED REPORT AND RECOMMENDATION[1]

Pending before the Court is the parties' Revised Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. 32). Upon due consideration I respectfully recommend that the motion be **GRANTED**.

## I. Background

Plaintiff Gary Hicks sues Defendant Vortex Marine Construction, Inc. for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. 1). Plaintiff alleges that he was employed by Defendant as a heavy equipment operator from about December 4, 2015 through May 14, 2016 (Id., ¶ 8; Doc. 15, ¶ 4). He claims that Defendant compensated him at the rate of $30 per hour plus a weekly per diem of $250 (Doc. 1, ¶ 10). For hours in excess of 40 per week, Plaintiff reports that he was paid $45 per hour, which is less than one and one-half his regular rate of pay (Id., ¶ 11). Plaintiff reaches this conclusion by combining his regular hourly rate with his per diem to arrive at

---

[1] The parties filed a joint motion for approval of their settlement of this FLSA case (Doc. 30), and on May 4, 2017, I entered my Report and Recommendation that the motion be denied (Doc. 31). On June 2, 2017, the parties submitted their Revised Joint Motion for Approval of Settlement and Dismissal with Prejudice, which includes an amended settlement agreement (Doc. 32; Doc. 32-1). The parties having amended their agreement, my original Report and Recommendation is **WITHDRAWN**.

an effective rate of $36.25 per hour worked (Doc. 15, ¶ 5). Plaintiff seeks an award of back pay equal to the difference between his correct overtime rate and the overtime rate he was actually paid (Doc. 1, ¶ 18). In his answers to the Court's interrogatories, Plaintiff said he is owed $2,157.40 in unpaid wages plus an equal amount in liquidated damages, together with attorney's fees and costs (Doc. 15, ¶ 7). In their amended motion, the parties represent that they have reached an amicable settlement of Plaintiff's claim whereby Defendant will pay Plaintiff:

- $1,400 as unpaid wages;
- $1,400 as liquidated damages;
- $7,000 as attorney's fees and costs; and
- $200 for a general release.

(Doc. 32, ¶ 3). The parties have attached an executed copy of their amended settlement agreement to their motion and the matter is now ripe for review.

## II. Legal Standard

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alternation in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207

prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The Parties seek review to determine whether their settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108, 113 (1946)). "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8,

2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

The settlement of FLSA claims is unlike the settlement of most other civil cases. As Judge Merryday observed in Moreno v. Regions Bank, when the court evaluates a proposed settlement it "proceeds from the kindred notions of 'fairness' and 'full compensation' to the employee." 729 F. Supp. 2d 1346, 1348 (M.D. Fla. 2010). Unlike the typical civil case "an employee cannot relinquish or modify a claim under the FLSA except in exchange for 'full compensation.'" Id. And, while the exchange of general releases, agreements to keep the terms of the settlement confidential, and other non-monetary terms are commonly included in agreements to settle most civil disputes, in FLSA cases these non-monetary terms:

> [A]ffect[] both the 'fairness' and the 'full compensation' component of a settlement. A gratuitous concession in exchange for the required payment is "unfair" because (1) the FLSA obligates the employer without exception or condition to pay the full amount owed and (2) a valuable, non-cash concession extended to the employer in exchange for otherwise "full compensation" effectively reduces the employer's payment by an amount equal to the value of the concession (and accordingly reduces the employer's payment to less than "full compensation").

Id. at 1348-49.

### III. Discussion

The parties have cured the defects I identified in their original agreement, and their amended settlement agreement reflects a fair compromise of Plaintiff's FLSA claim.

### A. Settlement Sum

Defendant has agreed to pay and Plaintiff has agreed to accept $1,400 for unpaid wages on a claim he previously valued at $2,157.40. See (Doc. 15 at 2).The parties stipulate that they have a bona fide dispute, that they were both counseled by their

attorneys, and that their agreement takes into account the uncertainty and risks inherent in litigation (Doc. 32 at 3). Like most settlements, this one is driven by the facts and the parties are much better informed than the Court is about the facts. No badges of fraud or overreaching are apparent and the parties are represented by experienced attorneys. Therefore, I see no reason to question the parties' judgment and respectfully recommend that the district judge find that $1,400 is a reasonable amount of damages for settlement purposes. Defendant has also agreed to pay Plaintiff an equal amount in liquidated damages. The remaining $200 is for a general release contained in the parties' original settlement agreement, which has been deleted from the amended agreement. Accordingly, while the amended settlement agreement still makes reference to a general release, my understanding is that Plaintiff in fact, is not giving Defendant any release in connection with this settlement. Plaintiff has however, agreed that the settlement payment "represent[s] payment-in-full" of all compensation due him (Doc. 32-1, ¶ 6).

### B. Attorney's Fees

The parties represent that the $7,000 in attorney's fees to be paid to Plaintiff's counsel was negotiated separately from his recovery, without regard to the amount of the settlement sum (Doc. 32 at 2). This is sufficient to establish the reasonableness of the fees and that Plaintiff's recovery was not adversely affected by the amount of fees paid to his counsel. See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also McQuillan v. H.W. Lochner, Inc., No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013).

### IV. Recommendation

For these reasons, I respectfully recommend that the district judge **GRANT** the parties' Revised Joint Motion for Approval of Settlement and Dismissal with Prejudice

(Doc. 32).

## V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

If the parties do not object to this Report and Recommendation, then they may expedite the approval process by filing notices of no objection.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 7, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record